UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CRYSTAL DAVIS**<br>**Individually, and as Personal Representative of the Estate of David F. Dowell,**<br>        Plaintiff,<br><br>    v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>        Defendants. | Civil Action No. 24-cv-703 |

**OPINION**

Plaintiff Crystal Davis alleges that Defendants District of Columbia, and Emmanuel Agbara, Innocent Opara, Alex Colvin, Sheila Benjmanin, Todd Lockhard, Darren Marin, and Unnamed Officers—each of whom were employees of Saint Elizabeth's Hospital on March 9, 2022—contributed to the death of her father, David Dowell, a patient at St. Elizabeth's who was killed by another hospital patient. Compl. ¶¶ 2, 6–10, 12–91, ECF No. 1 ("Compl."). Plaintiff brings a six-count complaint, three counts of which state common law claims of negligence, gross negligence, and wrongful death against all Defendants, one count under the District of Columbia's Survival Act, D.C. Code. § 12-101 against all Defendants, one count under 42 U.S.C. § 1983 against the District of Columbia, and another Section 1983 count against the other Defendants. *Id.* ¶¶ 92–139.

Defendant Emmanuel Agbara moved to dismiss Plaintiff's Complaint against him for lack of sufficient process. Defs.' Mot. to Dismiss at 1–3, ECF No. 14 ("Def.'s Mot."). He claims that Plaintiff should have served him within 60 days of filing her Complaint on March 11, 2024,

pursuant to Rule 4(m)(1)(A) of the District of Columbia's Civil Rules, rather than 90 days under Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* ¶¶ 2–3, 5.

Agbara's motion appears premised on a misinterpretation of the applicable rules. He claims that on June 10, 2024, when Plaintiff sought more time to serve Defendants Opara and Martin, Plaintiff impliedly conceded that she had missed the 60-day local deadline to effect service. *See id.* ¶ 5. This argument is unavailing. First, Plaintiff's request for more time concerned Defendants Opara and Martin and raised a good faith argument as to why she needed more time to serve them. *See* Pl.'s Mot. for Extension of Time for Serv. at 1–4, ECF No. 4 (contending that Opara was "evading" service" and that Martin's home address was difficult to find). Plaintiff's request did not address whether the District of Columbia's Civil Rules should supplant the Federal Rules of Civil Procedure for any Defendant, as the "Federal Rules of Civil Procedure are 'as binding as any statute duly enacted by Congress'" for federal civil cases. *S.E.C. v. Selden*, 484 F. Supp. 2d 105, 107 (D.D.C. 2007) (citation omitted). Consequently, Plaintiff's request for an extension did not apply to Agbara and did not affect her duty to comply with the Federal Rules of Civil Procedure to serve Agbara within 90 days.

Second, Plaintff did timely serve Agbara, on June 4, 2024. Agbara's motion confuses the date on which the affidavit of service was filed, June 12, 2024, with the date that the affidavit says service occurred, June 4, 2024. Aff. of Service at 1, ECF No. 7 ("Aff."); *see* Def.'s Mot. ¶ 6. Under Rule 4, "plaintiff is responsible for having the summons and complaint served within," Fed. R. Civ. P. 4(c)(1), "90 days after the complaint is filed." *Id.* 4(m). If the plaintiff fails to serve the defedent within the 90-day period,"the court—on motion or on its own after notice to the plaintiff—[can] dismiss the action without prejudice against that defendant[.]" *Id.* Plaintiff filed her Complaint on March 11, 2024, ECF No. 1, and was required to serve the Defendant by June

10, 2024. She did so on June 4, 2024, as indicated in the affidavit. Aff. at 1 (showing that Defendant Agbara was "personally served" on June 4, 2024, but that the execution date was June 7, 2024, and the filing date was June 12, 2024); Pl.'s Ex. 1 at 1, ECF No. 17-1. Furthermore, Agbara's counsel received notice of service via an email from Plaintiff informing him that his "client was personally served [] June 4, 2024, within [the] 90 day[]" window. Pl.'s Ex. 2 at 1, ECF No. 17-2.

In response, Plaintiff requests that the court enter default judgment because Defendant failed to file a timely answer. Pl.'s Opp'n at 2, ECF No. 17 ("Pl.'s Opp'n). The court declines to do so. Under Rule 12(a)(1)(A)(i), a party has "21 days after being served with summons and complaint" to file an answer. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant moved to dimiss Plaintiff's Complaint on June 26, 2024, one day after the deadline for a responsive pleading. ECF No. 14. But "default judgements are not favored by modern courts." *Nix El. v. Williams*, 174 F. Supp. 3d 87, 91 (D.D.C. 2016) (quoting *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006)). Entering a judgement for "filing delays" is an "inherently unfair [] use [of] the court's power[.]" *Id.* at 91.

Plaintiff has not demonstrated that she was prejudiced by Defendant Agbara's one-day-late motion, and it is difficult to see how she could be because on August 9, 2024, nearly two months after Defendant's answer deadline, both parties agreed to an "order staying proceedings (including deadlines for filing a response), pending parties' attempts to resolve th[e] case[.]" Consent Mot. to Stay Proceedings at 1, ECF No. 16.

Moreover, Plaintiff is not automatically entitled to default judgment immediately after a missed filing deadline. Fed. R. Civ. P. 55(a); *see* Pl.'s Opp'n at 2. Indeed, "no default has been issued against the Defendant[] [Agbara]"—the prerequisite to a default judgment. *Nix El.*, 174 F.

Supp. 3d at 92; *Peak*, 236 F.R.D. at 15.  And given the parties' active participation in the lawsuit and consent to stay the proceedings, default judgement would be inappropriate.  *See* ECF No. 16.

    For the foregoing reasons, Defendant Agbara's Motion to Dismiss is DENIED.  A corresponding order will follow.

Date: April 16, 2025

                                            *Tanya S. Chutkan*
                                            TANYA S. CHUTKAN
                                            United States District Judge